# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 25, 2012

## STATE OF TENNESSEE *ex rel.* PATRICIA KIMBROUGH v. BRIAN HALES

**Direct Appeal from the Chancery Court for Carter County**
**No. 19859      G. Richard Johnson, Chancellor**

_____

**No. E2011-02539-COA-R3-CV - Filed July 25, 2012**

_____

## PARTIAL SEPARATE CONCURRENCE

_____

I agree fully with the majority's conclusions in this case. I write separately only because I would use different reasoning for holding that the trial court erred in applying the doctrine of unclean hands.

I would hold the doctrine of unclean hands inapplicable because there is no authority for applying an equitable doctrine such as unclean hands to affect Mr. Hales' child support obligation. First, Mr. Hales has a specific statutory duty to pay child support, and he cites no authority for applying an equitable doctrine to obviate this statutory duty. Second, the doctrine of unclean hands operates between Ms. Kimbrough and Mr. Hales, and the biological father's duty to provide support is to the *child*, not to the mother. So I would find the doctrine of unclean hands wholly inapplicable.

For this reason, I concur separately as to this issue. Otherwise, I concur in the majority opinion.

_____
HOLLY M. KIRBY, JUDGE